UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY BLUNT, | No. 2:15-cv-0412 WBS CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| J.S. JOHNSON, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. In his amended complaint (ECF No. 20), plaintiff alleges that on December 5, 2012, defendant Johnson pepper sprayed plaintiff without good cause for doing so, and defendant Bryant failed to properly decontaminate plaintiff causing plaintiff facial burns and severe respiratory problems. Plaintiff also alleges that he was forced to serve 60 days in segregated housing beginning on January 27, 2013 in retaliation for plaintiff filing a prisoner grievance against defendant Johnson on January 16, 2013.

On August 21, 2015, the court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A(a) and found that, based on the allegations identified above, plaintiff's amended complaint states viable claims arising under the Eighth Amendment against defendants Johnson and Bryant and under the First Amendment against defendant Johnson.

/////

1

Defendants Johnson and Bryant (defendants) have now filed a motion for summary judgment in which they argue that plaintiff did not exhaust available administrative remedies with respect to plaintiff's Eighth Amendment claim against defendant Bryant and his First Amendment claim against defendant Johnson.

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). Administrative procedures generally are exhausted with respect to the California prisoner grievance process once the third level of review is complete. The third level of review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation. Cal. Code Regs. tit. 15, § 3084.7.

A.   Legal Standard

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of their pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists or show that the materials cited by the movant do not establish the absence of a genuine dispute. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

B. Analysis

Defendants point to evidence indicating that plaintiff never filed a grievance regarding his allegation that defendant Bryant failed to properly clean him after he had been pepper sprayed by defendant Johnson. Plaintiff does not point to evidence suggesting he did grieve that issue or even offer any opposition to defendants' argument that plaintiff failed to exhaust administrative remedies with respect to his remaining claim against defendant Bryant. Because there is no genuine issue of material fact before the court as to whether plaintiff exhausted available

3

1 administrative remedies with respect to his remaining claim against defendant Bryant, defendant
2 Bryant should be granted summary judgment and dismissed from this case.

3      As to plaintiff's retaliation claim against defendant Johnson, plaintiff did submit a
4 grievance regarding the allegations that support that claim on February 1, 2013.  ECF No. 45-4 at
5 22-24.  However, plaintiff withdrew his grievance as it was being reviewed at the first level on
6 March 27, 2013.  Id. at 22.  Plaintiff asserts that because prison officials ordered in response to
7 other grievances filed by plaintiff that plaintiff not be retaliated against, e.g. ECF No. 45-4 at 10,
8 plaintiff has exhausted administrative remedies with respect to the retaliation claim against
9 defendant Johnson remaining in this action.  Plaintiff's argument is unavailing.

10      There is no evidence before the court that plaintiff proceeded through the Directors Level
11 with respect to a grievance in which plaintiff alleges he was assigned to segregated housing on
12 January 27, 2013 in retaliation for plaintiff filing a prisoner grievance against defendant Johnson
13 on January 16, 2013.  Therefore, there is no genuine issue of material fact as to whether plaintiff
14 exhausted administrative remedies with respect to plaintiff's remaining First Amendment claim
15 against defendant Johnson and defendant Johnson is entitled to summary judgment on that claim.

16      The court notes that defendants seek an extension of the deadline for the filing of
17 dispositive motions.  That current deadline is October 21, 2016.  Defendants have not shown
18 could cause to extend the deadline further at this stage of the case.

19      In accordance with the above, IT IS HEREBY ORDERED that defendants' request for an
20 extension of the deadline for the filing of dispositive motions (ECF No. 51) is denied.

21      IT IS HEREBY RECOMMENDED that:

22      1. Defendants' motion for summary judgment (ECF No. 45) be granted;

23      2. Defendants' remaining Eighth Amendment claim against defendant Bryant be
24 dismissed for failure to exhaust administrative remedies resulting in defendant Bryant's dismissal
25 from this action;

26      3. Plaintiff's claim arising under the First Amendment against defendant Johnson be
27 dismissed for failure to exhaust administrative remedies.

28 ////

4

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 2, 2016

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
blun0412.57